1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11    JORGE GAXIOLA, et al.,                 )        NO. CV 10-6632 AHM (FMO)
                                             )
12                    Plaintiffs,            )
                                             )
13            v.                             )        **ORDER TO SHOW CAUSE**
                                             )
14    CITY OF LOS ANGELES, et al.,           )
                                             )
15                    Defendants.            )
      _____       )
16

17            On December 13, 2010, the Court's Order of December 8, 2010, addressed to plaintiff

18    Richard Ploucher ("Ploucher"), was returned to the court undelivered and marked "Return To

19    Sender Not at This Address."  On December 14, 2010, the court's Case Management Order Re:

20    Discovery and Pre-Trial Motions and Order to Show Cause, both filed on December 3, 2010,

21    addressed to plaintiff Adrian Bennington ("Bennington"), were returned to the court undelivered

22    and marked "No such [n]umber" and "Not at This Address."[1]  Pursuant to Local Rule 41-6, plaintiffs

23    have an obligation to keep the court advised of a current address throughout the duration of their

24    lawsuit.  Plaintiffs are advised that their failure to comply with their continuing obligation to keep

25    the court apprised of a current mailing address, and/or their failure to comply with a court order

26

27    _____

28          [1]  Contemporaneously with the filing of this Order, the court is issuing a Minute Order
      discharging the Order to Show Cause filed on December 3, 2010.

because they did not receive the order, could result in their case being dismissed for failure to obey the orders of this court and/or for want of prosecution. See Local Rule 41-6 ("If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.") (italics in original); (see also Court's Order of September 10, 2010, at II.2.) ("During the pendency of the action, plaintiffs must notify the court immediately if any of the plaintiffs' addresses change and must provide the court with the new address(es) and its effective date. **Any failure by plaintiffs to comply with a court order where plaintiffs did not receive the order due to failure to inform the court of plaintiffs' current addresses may result in the action being dismissed for failure to prosecute**.") (bold in original).

Based on the foregoing, IT IS ORDERED THAT:

1.      Plaintiffs Ploucher and Bennington shall file with the court a Notice of Change of Address no later than **January 5, 2011**.

2.      **Plaintiffs Ploucher's and Bennington's failure to timely comply with this Order, or with their continuing obligation to keep the court apprised of a current mailing address, may result in their case being dismissed for failure to obey the orders of this court and/or for want of prosecution.**

Dated this 20th day of December, 2010.


_____
                     /s/
              Fernando M. Olguin
              United States Magistrate Judge