# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GAXIOLA, et al., | Case No. CV 10-6632 AHM (FMO) |
| Plaintiffs, | |
| v. | **ORDER TO SHOW CAUSE** |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | |

On September 3, 2010, pro se plaintiffs Jorge Gaxiola, Richard Ploucher, Mario Celaya, Adrian Bennington, Jaime Lazarin and Michael Frost filed a Civil Rights Complaint ("Complaint") against numerous defendants, including federal, state and local agencies and their employees. The Complaint raises 13 claims for relief, including claims under 42 U.S.C. §§ 1981, 1982, 1983 and 1985, and the Fair Housing Act, 42 U.S.C. § 3601 et seq., based primarily on events that occurred on or before August 31, 2008. (See Complaint at 8-34; see also Plaintiffs' Memorandum in Opposition to Motions to Dismiss Filed by Defendants State of California's Dept. of Transportation, City of Los Angeles & Paragon Partners at 20 & 40 (declaring under penalty of perjury that "all residents with the exception of Gaxiola[] had been displaced" by April 10, 2008)).

In California, the statute of limitations for claims brought pursuant to §§ 1982, 1983 and 1985 is two years. Cal. Code of Civ. Proc. § 335.1; Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094 (2007); see also Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) ("The statute

of limitations on Douglas's § 1983 claims is two years."); Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711-12 (9th Cir. 1993) (per curiam), cert. denied, 510 U.S. 1076 (1994) (limitations period that governs § 1983 claims also governs claims under § 1985); Scheerer v. Rose State College, 950 F.2d 661, 664 (10th Cir. 1991), cert. denied, 505 U.S. 1205 (1992) (same statute of limitations governs claims under §§ 1982 and 1983). Similarly, the statute of limitations for plaintiffs' Fair Housing Act claim is two years, 42 U.S.C. § 3613(a)(1)(A), while the statute of limitations for claims brought pursuant to 42 U.S.C. § 1981 is either two or four years depending upon the nature of the claim asserted. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 381–84, 124 S.Ct. 1836, 1845-46 (2004); Cross v. The Home Depot, 390 F.3d 1283, 1288-89 (10th Cir. 2004).

Here, since plaintiffs' Complaint relies almost entirely on factual allegations occurring more than two years before the Complaint was filed, plaintiffs shall, no later than **July 27, 2011**, show cause in writing why their claims under 42 U.S.C. §§ 1981, 1982, 1983 and 1985, and the Fair Housing Act should not be dismissed as untimely. Plaintiffs' failure to timely file a written response to this Order may result in the dismissal of their §§ 1981, 1982, 1983,1985 and Fair Housing Act claims as untimely.

Defendants shall also submit briefs on the timeliness of plaintiffs' §§ 1981, 1982, 1983, 1985 and Fair Housing Act claims by no later than **July 27, 2011**.

IT IS SO ORDERED.

Dated the 13th day of July, 2011.

/s/
Fernando M. Olguin
United States Magistrate Judge